## IN THE COURT OF APPEALS OF IOWA

No. 18-0863
Filed July 18, 2018

**IN THE INTEREST OF L.P. and L.P.,**
**Minor Children,**

**M.S., Mother,**
        Appellant,

**Q.P., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,

District Associate Judge.


        A mother and father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


        Katherine M. Hartman Eastvold, Coralville, for appellant mother.

        John J. Bishop, Cedar Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Melody J. Butz of Butz Law Offices, P.C., Center Point, guardian ad litem

for minor children.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother and father of twins separately appeal the termination of their parental rights.

## I.	Background Facts and Proceedings

L.P. and L.P., twins born in September 2016, came to the attention of the Iowa Department of Human Services (DHS), upon a denial of critical care for multiple injuries each girl sustained in December 2016.  The children were removed in December 2016 and were placed with their great-grandmother for several months.  The children were then placed in foster care in August 2017, where they remained at the time of the termination hearing.  Since the removal, the mother and father sporadically participated in services.  The mother consistently attended visitations, but she routinely disregarded the DHS's policy allowing only pre-approved visitors around the children.  The DHS was adamant with its policy because the cause of the girls' initial injuries was not definitively known.  The father completed a substance-abuse evaluation but did not consistently visit with the children or attend parenting classes.

On October 12, 2017, due to the parents' lack of progress in attending to the circumstances that led to the DHS's involvement, the State filed a petition to terminate the parents' parental rights.  The matter came on for hearing on January 18 and 19, 2018.  The district court left the record open until March 22, 2018, when it received a final witness for the State who was not available on the prior hearing dates.  On May 2, the district court ordered the parents' parental rights terminated under Iowa Code section 232.116(1)(h) and (i) (2017).  The mother and father separately appeal.

## II.     Standard of Review

We review termination proceedings de novo, giving weight to, but not being bound by, the district court's fact findings. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). There must be clear and convincing evidence of the statutory grounds for termination. *Id.*

## III.    Statutory Grounds

The mother asserts the State failed to prove that her twins cannot be returned to her care under Iowa Code section 232.116(1)(h) or that the receipt of services would not correct the conditions that led to the alleged abuse or neglect under section 232.116(1)(i). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). We will address her claims under paragraph (h).[1]

The record establishes the mother has failed to abstain from using illegal substances and she has failed to attend to her substance-abuse and mental-health issues such that the children cannot be safely returned to her care without the risk of adjudicatory harm. *See* Iowa Code § 232.116(1)(h)(4). Despite missing a few drug tests, the mother seemed open to receiving services offered by the DHS as she attended visitation with the children; however, the mother failed to consistently

---

[1] On appeal, the father argues the State failed to prove termination was in the children's best interests under section 232.116(2), but he makes no argument the State failed to prove the elements under either section 232.116(1)(h) or (i). His failure to make an argument concerning the statutory grounds for termination of his parental rights waives a challenge to termination under these paragraphs. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal").

attend individual therapy for her mental-health issues. Following the termination hearing in January 2018, the record was left open and the DHS reported the mother tested positive for marijuana, missed scheduled visitation with the children, and failed to attend therapy. She consistently prioritized her agenda over visits with the children and neglected her mental-health and substance-abuse issues. Based on the record before us, we agree with the district court's conclusion the State proved by clear and convincing evidence the children could not be safely returned to the mother. *See id.*

## IV.    Best Interests and Precluding Factors

The mother and the father also claim termination was not in the best interests of the children under Iowa Code section 232.116(2). In finding termination was in the children's best interests, the district court stated:

> The girls have been removed from parental care since they were three months old. The concerns that gave rise to the adjudication continue to be concerns nearly 17 months later. [Neither] parent is in a position where the children could be returned to their care today without continuing to be children in need of assistance for the reasons set forth above. They are very young children who are unable to self-protect and rely on their caregivers for supervision and to keep them safe. Their parents have not demonstrated the ability to be that person/caregiver. Therefore, the court finds that it is in this children's best interest to terminate parent-child relationship. In making this determination the court has given consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the children, and to the physical, mental, and emotional condition and needs of the children.

"[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Due to both parents' failure to sufficiently

participate in services that would help provide a safe environment for the children's growth and nurturing, we agree it was in the children's best interests to terminate both parents' parental rights.

The mother and the father also assert termination would be detrimental to the children due to the bond they individually share. *See* Iowa Code § 232.116(3)(c). The factors militating against termination in section 232.116(3) are permissive, not mandatory. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). We agree with the district court's conclusion that despite some indication of a bond between the children and each parent, the bond was not so strong as to preclude termination because the girls had been out of their parents' care for nearly their entire lives, neither parent was ready to resume care of them, and the children need permanency and stability going forward.

## V. Additional Time

Finally, the mother and father separately contend they should have been given additional time to pursue reunification with the children. *See* Iowa Code § 232.104(2)(b) (requiring a showing "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). The father sets forth no factual support for his assertion. Given the extended period of time the children have been outside of the father's care and his continued sporadic compliance with services, we see no merit in his assertion. *See In re A.A.G.*, 708 N.W.2d 85, 92–93 (Iowa Ct. App. 2005) (noting no extension of time is warranted when it appears the situation will not change in the near future).

As to the mother, she contends the children would not be harmed by waiting an additional six months. On the contrary, the DHS worker believed additional

time would not be a benefit to the children. The DHS worker testified the mother was moved to semi-supervised visitation only to revert back to fully-supervised visits. In addition, between the first two termination hearing dates and the final hearing date, the mother missed multiple visitations and tested positive for marijuana, twice. There is simply no indication that additional time would work to improve her situation.

**AFFIRMED ON BOTH APPEALS.**